IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| MARK ANDREW SHAW, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:19-CV-171-Z-BR |
| § | |
| DIRECTOR, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DENY
PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

Mark Andrew Shaw ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody challenging his conviction out of the 47th District Court of Potter County, Texas, for the felony offense of driving while intoxicated – third or more, enhanced by two previous felony convictions, and resulting 30-year sentence.[1] For the reasons stated below, the undersigned United States Magistrate Judge recommends Petitioner's application for federal habeas corpus relief be DENIED.

### I.   PROCEDURAL HISTORY

On November 19, 2015, Petitioner was charged by Indictment in Potter County, Texas with the third-degree felony offense of driving while intoxicated – third or more in violation of Section 49.09(b) of the Texas Penal Code ("TPC"), enhanced by two previous felony convictions. (ECF 18-9 at 16). On July 19, 2016, a jury found Petitioner guilty, and the trial court found the

---

[1] It appears Petitioner was released from custody. (*See* ECF 22). Because Petitioner attacks the validity of his conviction and has not discharged his parole, the petition is not mooted by Petitioner's release from custody. *See Lane v. Williams*, 455 U.S. 624, 631–32 (1982).

enhancements "true" and sentenced Petitioner to 30 years in prison. (ECF 17-6 at 75); *see State v. Shaw*, No. 071277-A.

On May 22, 2018, the Seventh Court of Appeals of Texas affirmed the judgment of the trial court on direct appeal. (ECF 16-4 at 1–5); *see Shaw v. State*, No. 07–16–00284–CR, 2018 WL 2325445 (Tex. App.—Amarillo May 22, 2018). The Texas Court of Criminal Appeals ("TCCA") refused Petitioner's petition for discretionary review on October 24, 2018. (ECF 17-5); *Shaw v. State*, No. PD-707-18 (Tex. Crim. App. 2018). On December 10, 2018, Petitioner filed an application for state writ of habeas corpus challenging his conviction. (ECF 18-7 at 5–21). The TCCA denied Petitioner's state habeas application without written order on February 20, 2019. (ECF 18-2); *see In re Shaw*, No. WR-89,468-01. On August 19, 2019, Petitioner filed the instant federal habeas petition. (ECF 3). On January 3, 2020, Respondent filed an answer. (ECF 19). On February 10, 2020, Petitioner filed a reply to Respondent's answer. (ECF 21).

## II. PETITIONER'S GROUNDS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. His Fourth Amendment rights were violated when Officer Grazier illegally stopped him for a traffic violation without cause; and

2. The jury charge was defective.

(ECF 3 at 6; *see* 21 at 12).

## III. STANDARD OF REVIEW

A Section 2254 habeas petition is governed by the heightened standard of review provided for by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. § 2254. Section 2254 authorizes a federal court to entertain a petition for a federal writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment if the prisoner is in custody in violation

of the Constitution or laws or treaties of the United States. *Id*. § 2254(a). However, a court may not grant relief on any claim that was adjudicated on the merits in state court proceedings unless a petitioner shows that the prior adjudication:

1. Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

2. Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

*Id*. § 2254(d). A decision is contrary to clearly established federal law if the state reaches a conclusion opposite to a decision reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor,* 529 U.S. 362, 412–13 (2000). An application of clearly established federal law is unreasonable if the state court identifies the correct governing legal principle but unreasonably applies that principle to the facts. *Id*.

This Court must accept as correct any factual determinations made by the state courts unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both implicit and explicit factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001) ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact."). Deference to the factual findings of a state court is not dependent upon the quality of the state court's evidentiary hearing. *See Valdez*, 274 F.3d at 951 (holding that a full and fair hearing is not a precondition according to Section 2254(e)(1)'s presumption of correctness to state habeas court findings of fact nor to applying Section 2254(d)'s standards of review). A "paper hearing" is sufficient to afford a full and fair hearing on factual

issues, especially where the trial court and state habeas court were the same. *Hill v. Johnson*, 210 F.3d 481, 489 (5th Cir. 2000); *Murphy v. Johnson*, 205 F.3d 809, 816 (5th Cir. 2000).

Furthermore, a denial, even though it does not contain a written opinion, is not silent or ambiguous. *See Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits). It is a decision on the merits and is entitled to the federal statutes' standard of deference. 28 U.S.C. § 2254(d); *see also Neal v. Puckett*, 239 F.3d 683, 686 (5th Cir. 2001) (explaining that in the context of federal habeas proceedings, "adjudication 'on the merits' is a term of art that refers to whether a court's disposition of the case was substantive"). The Supreme Court has reconfirmed that Section "2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington v. Richter*, 562 U.S. 86, 100 (2011). Even if "a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Id*. at 98.

Moreover, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id*. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). This standard is difficult to meet, and the Supreme Court has affirmed that "it was meant to be" so. *Id*. at 102.

Finally, the Supreme Court has also held that review under Section 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Perhaps more compelling, the Supreme Court made clear that Section 2254(e)(2)—the statutory mechanism through which Congress limited a petitioner's ability to obtain a federal evidentiary hearing (and to expand the federal habeas record)—has no application when a federal court reviews claims pursuant to Section 2254(d), whether or not a

4

petitioner might meet the technical requirements of Section 2254(e)(2). *See id*. at 183–86 (showing that the Supreme Court explicitly rejected the proposition that Section 2254(d)(1) has no application when a federal court admits new evidence under Section 2254(e)(2)); *see also id*. at 203 n.20 ("Because Pinholster has failed to demonstrate that the adjudication of his claim based on the state-court record . . . [violated § 2254(d)(1),] our analysis is at an end. We are barred from considering the evidence Pinholster submitted in the District Court that he contends additionally supports his claim.") (internal citation omitted). The Supreme Court reasoned:

> Today, we . . . hold that evidence introduced in federal court has no bearing on § 2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court.

*Id*. at 185. Therefore, this Court must review the reasonableness of the state court determinations under Section 2254(d), with reference only to the record actually before the state court.

### IV.    MERITS

#### A.  Petitioner's First Ground is Unexhausted and Procedurally Barred

In the instant petition, Petitioner claims his Fourth Amendment rights were violated when Officer Grazier illegally stopped him for a traffic violation without cause. (ECF 3 at 6). Respondent asserts Petitioner's first ground is unexhausted and procedurally barred. (ECF 19 at 5, 10–12). This Court may only consider Petitioner's properly exhausted claims. Petitioner raised three grounds for relief in his state habeas application:

> (1) "Sixth Amendment violation" due to "conflict of interest/District Attorney testimony," (2) Fifth Amendment violation due to charging him with two indictments, and (3) Fifth Amendment violation based on "cruel and unusual punishment."

(ECF 18-7 at 10, 12, 14).

Federal statute provides:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody

5

>pursuant to the judgment of a State court shall not be granted unless it appears that–
>
>>(A)   the applicant has exhausted the remedies available in the courts of the State; or
>>
>>(B)(i)   there is an absence of available State corrective process; or
>>
>>(ii)   circumstances exist that render such process ineffective to protect the rights of the applicant.
>
>…
>
>(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349 (1989). In order to satisfy the federal exhaustion requirement, a petitioner must fairly present to the **highest** state court **each** constitutional claim he wishes to assert in his federal habeas petition. *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom. Skelton v. Smith*, 506 U.S. 833 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056 (1983). The TCCA in Austin, Texas is the highest court that has jurisdiction to review a petitioner's confinement. TEX. CODE CRIM. PROC. § 44.45 (2015). Claims may be presented to that court through an application for a writ of habeas corpus, or on direct appeal by a petition for discretionary review. *See* TEX. CODE CRIM. PROC. art. 11.01 et seq. (2016); *see also* TEX. R. APP. P. 68.1 (2015).

It appears Petitioner did not present his first ground regarding the alleged Fourth Amendment violation to the TCCA either by way of direct appeal or by a state habeas application. Instead, the grounds Petitioner raised in his state habeas application related only to alleged Fifth and Sixth Amendment violations. Thus, Petitioner appears to raise the alleged Fourth Amendment

6

violation for the first time in the instant federal habeas petition. Petitioner has failed to exhaust his state court remedies with regard to his first ground.

When a petitioner has failed to exhaust state court remedies with regard to a claim and the state court to which he would be required to present the unexhausted claim would find the claim procedurally barred, the federal procedural default doctrine precludes federal habeas corpus review of the claim. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991); *see Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997) (unexhausted claim that would be barred by the state abuse of the writ doctrine if raised in a successive state habeas petition was procedurally barred by federal procedural default doctrine). Any attempt by Petitioner to present his unexhausted Fourth Amendment claim in a subsequent state habeas application would be dismissed by the TCCA as abusive unless Petitioner were able to demonstrate the statutory equivalent of cause or actual innocence. TEX. CODE CRIM. PROC. art. 11.07 § 4 (2015).

Before this Court can consider the merits of Petitioner's unexhausted and procedurally defaulted claim, he must either establish cause for his default and actual prejudice as a result of the alleged violation of federal law, or he must demonstrate that the Court's failure to consider his claim will result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750. A miscarriage in this context requires a showing that Petitioner is actually innocent of the offense of which he was convicted. *See Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992); *Smith v. Dixon*, 14 F.3d 956, 974 (5th Cir. 1994). Petitioner has not made the requisite showing. Accordingly, Petitioner's first ground for relief should be denied.

**B. Petitioner's Second Ground**

Petitioner also claims the trial court erred by denying his request for an article 38.23(a) jury instruction regarding whether the traffic stop was illegal. (*See* ECF 21 at 21). An improper

jury instruction rarely justifies federal habeas relief. *Mayabb v. Johnson*, 168 F.3d 863, 867 (5th Cir. 1999). A petitioner must show that the erroneous instruction by itself so infected the entire trial that the resulting conviction violates due process. *Id*. Even if a jury charge is constitutionally defective, a federal habeas court may not grant relief unless the error "had a substantial and injurious effect or influence in determining the jury's verdict." *Id*. at 868 (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

On direct appeal, the state court found the trial court did not err when it denied Petitioner's request to issue an article 38.23(a) instruction asking the jury whether they believed Petitioner signaled his intention to start from a parked position and whether Petitioner had properly registered and tagged his SUV prior to the traffic stop. (ECF 16-4 at 3). The state court held:

> A defendant's right to the submission of jury instructions under article 38.23(a) of the Texas Code of Criminal Procedure is "limited to disputed issues of fact that are material to his claim of a constitutional or statutory violation that would render evidence inadmissible." *Madden v. State*, 242 S.W.3d 504, 510 (Tex. Crim. App. 2007).
>
> \*\*\*
>
> Here, Officer Grazier's testimony was unequivocal that Appellant did not engage his turn signal when he left from a parked position. There was no testimony by any other witness controverting Officer Grazier's testimony and his cross-examination did not raise a fact issue. Accordingly, the trial court did not err by denying Appellant's request for an article 38.23(a) instruction because a traffic violation had been established as a matter of law. Because Officer Grazier's traffic stop was legal based on Appellant's failure to engage his turn signal when leaving from a parked position, we need not decide whether there was a fact issue regarding whether a stop based on Appellant's registration was justified. *See Madden*, 242 S.W.3d at 513. *See also Siddiq v. State*, 502 S.W.3d 387, 404–05 (Tex. App.—Fort Worth 2016, no pet.) (collected cases cited therein). Accordingly, Appellant's issue related to whether the SUV was properly registered at the time of the stop, is pretermitted; TEX. R. APP. P. 47.1, and Appellant's single issue is overruled.

(*Id*. at 3–5).

This determination is neither contrary to clearly established federal law nor unreasonable in light of the evidence presented in the state court proceeding. Accordingly, Petitioner's second ground for relief should be denied.

## V.   RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner be DENIED.

## VI.   INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED November 4, 2021.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).